**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,** | Case No. 3:19-cv-364-CWR-FKB  Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* |
| Plaintiff | |
| v. | Hon. Carlton W. Reeves, District Judge |
| **THE UPS STORE, INC.; HERRING VENTURES, LLC d/b/a THE UPS STORE; AUSTIN ELSEN; TAMMIE ELSEN; COURTNEY HERRING; DIANE LOFTON; CHANDLER WESTOVER; RAWLINGS & MACINNIS, PA; TAMMY VINSON; and JEANNIE CHISHOLM,** | |
| Defendants. | |

### THE R&M PARTIES' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Rawlings & MacInnis, P.A. ("R&M"), Tammy Vinson ("Vinson"), and Jeannie Chisholm ("Chisholm") (sometimes collectively referred to as the "R&M Parties") file this their Motion to Dismiss the Amended Complaint [Doc. #14] filed by Plaintiff Alysson Mills, in her capacity as the Court-appointed Receiver for the estates of Lamar Adams and Madison Timber Properties, LLC, (the "Receiver"), and, in support of the same, would show unto the Court as follows:

1. The R&M Parties respectfully request that this Court dismiss the Amended Complaint [Doc. #14] filed against the R&M Parties on June 13, 2019. In the Amended Complaint [Doc. #14], the Receiver asserts claims of civil conspiracy, aiding and abetting, recklessness, gross negligence, or negligence against the R&M Parties and negligent supervision and retention against R&M stemming from the Ponzi scheme perpetrated by Lamar Adams ("Adams") through Madison Timber Properties, LLC ("Madison Timber").

2.	Though the Receiver premises her claims on alleged negligent acts by the R&M Parties, the factual allegations in the Amended Complaint sound in fraud. Because the factual allegations sound in fraud, the Receiver is required to plead all factual allegations relating to fraud under the heightened pleadings standard for fraud contained in Federal Rule of Civil Procedure ("F.R.C.P.") 9(b).

3.	The Receiver, however, has not pled the factual allegations in connection with the alleged conduct by the R&M Parties in accordance with F.R.C.P. 9(b) as she has not pled facts specifying the "who, what, when, and where" that is required for fraud claims. As the Receiver's factual allegations are insufficient to meet the pleadings requirements of F.R.C.P. 9(b), the Amended Complaint should be dismissed.

4.	In addition, the Receiver fails to plead sufficient factual allegations in accordance with the less stringent pleadings standard of F.R.C.P. 8(a). The Receiver, in the Amended Complaint, has made conclusory allegations and/or legal conclusions that the R&M Parties have engaged in conduct constituting and have committed the torts of civil conspiracy, aiding and abetting, and negligent supervision and retention. Yet, the United States Supreme Court has made clear that conclusory allegations or legal conclusions cast as factual allegations are insufficient to meet the pleadings standard of F.R.C.P. 8(a). As the Receiver has not supported her claims with anything more than conclusory allegations and legal conclusions, the Amended Complaint fails to meet the required pleadings standard of F.R.C.P. 8(a). The Amended Complaint, therefore, should be dismissed as to the R&M Parties.

5.	Furthermore, despite the Receiver's allegations to the contrary, one cannot negligently conspire or negligently aid and abet. Both civil conspiracy and aiding and abetting claims require some degree of knowledge and some intentional action, which would require that the underlying tort for such claims would have to be based upon an underlying intentional tort. Negligence is not an intentional tort. Since the Receiver fails to plead fraud with particularity, then the underlying tort for civil conspiracy and

aiding and abetting cannot be a claim of negligence. Accordingly, the claims of civil conspiracy and aiding and abetting must necessarily fail, and should be dismissed.

6. The Receiver also has failed to state a claim concerning the R&M Parties alleged failure to keep notary logs as required by Rule 5.15 of the rules governing notaries. Mississippi does not recognize a private right of action concerning this allegation. In addition, the Receiver fails to state how this alleged failure by the notaries to keep logs made the R&M Parties negligent. Negligence requires that an act proximately cause an injury, but the Receiver fails to allege how the alleged failure to keep notary logs caused an injury. A notarization can occur whether a logbook is kept by the notary or not, and while this alleged conduct may violate the rules of notaries, it does not mean that it would give rise to a private right of action for negligence. As the Receiver has failed to make factual allegations demonstrating how the failure to keep notarial logs proximately caused an injury or would otherwise support a claim of negligent, this claim should be dismissed.

7. Notwithstanding the above, the equitable doctrine of *in pari delicto* applies to preclude the Receiver, on behalf of Adams and Madison Timber, from asserting claims, other than fraudulent transfer claims, against third parties. The Receiver has not alleged any fraudulent transfer claim against the R&M Parties. The doctrine of *in pari delicto* prevents one wrongdoer from asserting a claim for damages against another wrongdoer. While the R&M Parties deny any wrongdoing, the doctrine should still apply to foreclose any attempt by the Receiver to collect damages on behalf of Adams/Madison Timber, the true wrongdoers. Based on the above, the Amended Complaint as to the R&M Parties should be dismissed.

8. In support of this Motion to Dismiss the Amended Complaint, the R&M Parties rely upon, and incorporate herein by reference, their Memorandum in Support of Motion to Dismiss the Amended Complaint contemporaneously filed in this case and incorporated herein by reference.

WHEREFORE, PREMISES CONSIDERED, the R&M Parties respectfully request that their Motion to Dismiss the Amended Complaint be granted.

Respectfully submitted, this the 8th day of August, 2019.

> RAWLINGS & MACINNIS, P.A., TAMMY VINSON AND JEANNIE CHISHOLM
>
> By: */s/ G. Todd Burwell*

OF COUNSEL:

G. Todd Burwell (MSB #8832)
tburwell@gtbpa.com
Emily K. Lindsay (MSB #104963)
elindsay@gtbpa.com
G. TODD BURWELL, P.A.
618 Crescent Blvd., Suite 200
Ridgeland, MS  39157
Tel:     601-427-4470
Fax:    601-427-0189

## CERTIFICATE OF SERVICE

I, G. Todd Burwell, one of the attorneys for Defendants Rawlings & MacInnis, P.A., Tammy Vinson and Jeannie Chisholm, do hereby certify that on this the 8th day of August, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that I have this day forwarded via the ECF system, a true and correct copy of the foregoing to all counsel of record who have registered with that system in this case.

> */s/ G. Todd Burwell*