UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALYSSON MILLS, IN HER CAPACITY AS
RECEIVER FOR ARTHUR LAMAR
ADAMS AND MADISON TIMBER
PROPERTIES, LLC                                        PLAINTIFF

VS                                    CAUSE NO. 3:19-cv-364-CWR-FKB

THE UPS STORE, INC.; HERRING VENTURES, LLC
d/b/a THE UPS STORE; AUSTIN ELSEN; TAMMIE ELSEN;
COURTNEY HERRING; DIANE LOFTON;
CHANDLER WESTOVER; RAWLINGS &
MACINNIS, PA; TAMMY VINSON; and
JEANNIE CHISHOLM                                      DEFENDANTS

---

## DEFENDANT CHANDLER WESTOVER'S ANSWER TO AMENDED COMPLAINT

---

COMES NOW Defendant, Chandler Westover, by and through his attorneys of record, Rushing & Guice, P.L.L.C., and insofar as Plaintiffs' Amended Complaint addresses him, answers Plaintiffs' Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for Count I: Civil Conspiracy against this defendant for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for Count II: Aiding and Abetting against this defendant for which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim for Count III: Recklessness, Gross Negligence, and at a Minimum Negligence against this defendant for which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim for Count IV: Negligent Retention and Supervision against this defendant for which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim against this defendant in the sections entitled 'The UPS Store, Inc.'s Liability', 'The UPS Store Madison's Vicarious Liability', and/or 'Rawlings and MacInnis's Vicarious Liability' for which relief can be granted.

## <u>ANSWER</u>

1.      Defendant admits the allegations contained in the first paragraph of the Amended Complaint, beginning "Alysson Mills, in her capacity…" and ending "…stating as follows:".

2.      Defendant denies the allegations contained in the unnumbered paragraphs in the "Introduction" section of the Amended Complaint.

3.      Defendant denies the allegations contained in Paragraph 1. of the Amended Complaint.

4.      Defendant denies the allegations contained in Paragraph 2. of the Amended Complaint insofar as they allege that this action arises in connection with and is ancillary to the civil action already pending in this Court styled *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-585-CWR-FKB, and denies the remainder of the allegations contained therein for lack of sufficient knowledge to justify a belief therein.

5.      Defendant denies the allegations contained in Paragraph 3. of the Amended Complaint as written, but would state that the litigation referenced, in its entirety, speaks for itself.

6.       Defendant denies the allegations contained in Paragraph 4. of the Amended Complaint as written, but would state that the order referenced, in its entirety, speaks for itself.

7.      Defendant denies the allegations contained in Paragraph 5. of the Amended Complaint as written, but would state that the order referenced, in its entirety, speaks for itself.

8.      Defendant admits the allegations contained in Paragraph 6. of the Amended Complaint.

9.      Defendant admits the allegations contained in Paragraph 7. of the Amended Complaint.

10.     Defendant denies the allegations contained in Paragraph 8. of the Amended Complaint for lack of sufficient information to justify a belief therein.

11.     Defendant denies the allegations contained in Paragraph 9. of the Amended Complaint for lack of sufficient information to justify a belief therein.

12.     Defendant denies the allegations contained in Paragraph 10. of the Amended Complaint for lack of sufficient information to justify a belief therein.

13.     Defendant denies the allegations contained in Paragraph 11. of the Amended Complaint for lack of sufficient information to justify a belief therein.

14.     Defendant admits the allegations contained in Paragraph 12. of the Amended Complaint.

15.     Defendant admits the allegations contained in Paragraph 13. of the Amended Complaint.

16.     Defendant denies the allegations contained in Paragraph 14. of the Amended Complaint for lack of sufficient information to justify a belief therein.

17.     Defendant denies the allegations contained in Paragraph 15. of the Amended Complaint for lack of sufficient information to justify a belief therein.

18.     Defendant denies the allegations contained in Paragraph 16. of the Amended Complaint for lack of sufficient information to justify a belief therein.

19.     Defendant denies the allegations contained in Paragraph 17. of the Amended Complaint for lack of sufficient information to justify a belief therein.

20.     Defendant denies the allegations contained in Paragraph 18. of the Amended Complaint for lack of sufficient information to justify a belief therein.

21.     Defendant denies the allegations contained in Paragraph 19. of the Amended Complaint for lack of sufficient information to justify a belief therein.

22.     Defendant denies the allegations contained in Paragraph 20. of the Amended Complaint for lack of sufficient information to justify a belief therein.

23.     Defendant denies the allegations contained in Paragraph 21. of the Amended Complaint.

24.     Defendant denies the allegations contained in Paragraph 22. of the Amended Complaint for lack of sufficient information to justify a belief therein.

25.     Defendant denies the allegations contained in Paragraph 23. of the Amended Complaint for lack of sufficient information to justify a belief therein.

26.     Defendant denies the allegations contained in Paragraph 24. of the Amended Complaint for lack of sufficient information to justify a belief therein.

27.     Defendant denies the allegations contained in Paragraph 25. of the Amended

Complaint for lack of sufficient information to justify a belief therein.

28.     Defendant denies the allegations contained in Paragraph 26. of the Amended Complaint for lack of sufficient information to justify a belief therein.

29.     Defendant denies the allegations contained in Paragraph 27. of the Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 28. of the Amended Complaint for lack of sufficient information to justify a belief therein.

31.     Defendant denies the allegations contained in Paragraph 29. of the Amended Complaint.

32.     Defendant denies the allegations contained in Paragraph 30. of the Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 31. of the Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 32. of the Amended Complaint for lack of sufficient information to justify a belief therein.

35.     Defendant denies the allegations contained in Paragraph 33. of the Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph 34. of the Amended Complaint for lack of sufficient information to justify a belief therein.

37.     Defendant denies the allegations contained in Paragraph 35. of the Amended Complaint for lack of sufficient information to justify a belief therein.

38.     Defendant denies the allegations contained in Paragraph 36. of the Amended Complaint.

39.     Defendant admits the allegations contained in Paragraph 37. of the Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 38. of the Amended Complaint as written, but would state that the record of the  record of the litigation referenced, in its entirety, speaks for itself.

41.     Defendant admits the allegations contained in Paragraph 39. of the Amended Complaint.

42.     Defendant admits the allegations contained in Paragraph 40. of the Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 41. of the Amended Complaint.

44.     Defendant admits the allegations contained in Paragraph 42. of the Amended Complaint.

45.     Defendant admits the allegations contained in Paragraph 43. of the Amended Complaint.

46.     Defendant admits the allegations contained in Paragraph 44. of the Amended Complaint.

47.     Defendant denies the allegations contained in Paragraph 45. of the Amended Complaint as written, but would state that the rule referenced, in its entirety, speaks for itself.

48.     Defendant denies the allegations contained in Paragraph 46. of the Amended Complaint as written, but would state that the cited caselaw, in its entirety, speaks for itself.

49.     Defendant denies the allegations contained in Paragraph 47. of the Amended Complaint.

50.     Defendant denies the allegations contained in Paragraph 48. of the Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 49. of the Amended Complaint.

52.     Defendant denies the allegations contained in Paragraph 50. of the Amended Complaint.

53.     Defendant denies the allegations contained in Paragraph 51. of the Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 52. of the Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 53. of the Amended Complaint for lack of sufficient information to justify a belief therein.

56.     Defendant denies the allegations contained in Paragraph 54. of the Amended Complaint for lack of sufficient information to justify a belief therein.

57.     Defendant denies the allegations contained in Paragraph 55. of the Amended Complaint for lack of sufficient information to justify a belief therein.

58.     Defendant denies the allegations contained in Paragraph 56. of the Amended Complaint for lack of sufficient information to justify a belief therein.

59.     Defendant denies the allegations contained in Paragraph 57. of the Amended Complaint for lack of sufficient information to justify a belief therein.

60.     Defendant denies the allegations contained in Paragraph 58. of the Amended Complaint for lack of sufficient information to justify a belief therein.

61.     Defendant denies the allegations contained in Paragraph 59. of the Amended

Complaint as written.

62.     Defendant denies the allegations contained in Paragraph 60. of the Amended Complaint for lack of sufficient information to justify a belief therein.

63.     Defendant denies the allegations contained in Paragraph 61. of the Amended Complaint for lack of sufficient information to justify a belief therein.

64.     Defendant denies the allegations contained in Paragraph 62. of the Amended Complaint.

65.     Defendant denies the allegations contained in Paragraph 63. of the Amended Complaint as written.

66.     Defendant denies the allegations contained in Paragraph 64. of the Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 65. of the Amended Complaint.

68.     Defendant denies the allegations contained in Paragraph 66. of the Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 67. of the Amended Complaint for lack of sufficient information to justify a belief therein.

70.     Defendant denies the allegations contained in Paragraph 68. of the Amended Complaint for lack of sufficient information to justify a belief therein.

71.     Defendant denies the allegations contained in Paragraph 69. of the Amended Complaint for lack of sufficient information to justify a belief therein.

72.     Defendant denies the allegations contained in Paragraph 70. of the Amended Complaint for lack of sufficient information to justify a belief therein.

73.     Defendant denies the allegations contained in Paragraph 71. of the Amended Complaint for lack of sufficient information to justify a belief therein.

74.     Defendant denies the allegations contained in Paragraph 72. of the Amended Complaint for lack of sufficient information to justify a belief therein.

75.     Defendant denies the allegations contained in Paragraph 73. of the Amended Complaint for lack of sufficient information to justify a belief therein.

76.     Defendant denies the allegations contained in Paragraph 74. of the Amended Complaint for lack of sufficient information to justify a belief therein.

77.     Defendant denies the allegations contained in Paragraph 75. of the Amended Complaint for lack of sufficient information to justify a belief therein.

78.     Defendant admits and denies the allegations contained in Paragraph 76. of the Amended Complaint insofar as it references the previous paragraphs of the Amended Complaint, and by reference make them a part of this response and answer.

79.     Defendant admits the allegations contained in Paragraph 77. of the Amended Complaint.

80.     Defendant denies the allegations contained in Paragraph 78. of the Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 79. of the Amended Complaint.

82.     Defendant denies the allegations contained in Paragraph 80. of the Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 81. of the Amended Complaint.

84.     Defendant denies the allegations contained in Paragraph 82. of the Amended Complaint.

85.     Defendant denies the allegations contained in Paragraph 83. of the Amended Complaint.

86.     Defendant denies the allegations contained in Paragraph 84. of the Amended Complaint.

87.     Defendant denies the allegations contained in Paragraph 85. of the Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 86. of the Amended Complaint.

89.     Defendant denies the allegations contained in Paragraph 87. of the Amended Complaint.

90.     Defendant admits and denies the allegations contained in Paragraph 88. of the Amended Complaint insofar as it references the previous paragraphs of the Amended Complaint, and by reference make them a part of this response and answer.

91.     Defendant denies the allegations contained in Paragraph 89. of the Amended Complaint as written, but would state that the Tort referenced, in its entirety, speaks for itself.

92.     Defendant denies the allegations contained in Paragraph 90. of the Amended Complaint.

93.     Defendant denies the allegations contained in Paragraph 91. of the Amended Complaint.

94.     Defendant denies the allegations contained in Paragraph 92. of the Amended Complaint.

95.      Defendant denies the allegations contained in Paragraph 93. of the Amended Complaint.

96.      Defendant denies the allegations contained in Paragraph 94. of the Amended Complaint.

97.      Defendant denies the allegations contained in Paragraph 95. of the Amended Complaint.

98.      Defendant denies the allegations contained in Paragraph 96. of the Amended Complaint.

99.      Defendant denies the allegations contained in Paragraph 97. of the Amended Complaint.

100.     Defendant admits and denies the allegations contained in Paragraph 98. of the Amended Complaint insofar as it references the previous paragraphs of the Amended Complaint, and by reference make them a part of this response and answer.

101.     Defendant denies the allegations contained in Paragraph 99. of the Amended Complaint as written, but would state that the cited caselaw, in its entirety, speaks for itself.

102.     Defendant denies the allegations contained in Paragraph 100. of the Amended Complaint as written, but would state that the cited caselaw, in its entirety, speaks for itself.

103.     Defendant denies the allegations contained in Paragraph 101. of the Amended Complaint.

104.     Defendant denies the allegations contained in Paragraph 102. of the Amended Complaint as written, but would state that the cited caselaw, in its entirety, speaks for itself.

105.     Defendant denies the allegations contained in Paragraph 103. of the Amended Complaint.

106.   Defendant denies the allegations contained in Paragraph 104. of the Amended Complaint.

107.   Defendant denies the allegations contained in Paragraph 105. of the Amended Complaint.

108.   Defendant denies the allegations contained in Paragraph 106. of the Amended Complaint.

109.   Defendant denies the allegations contained in Paragraph 107. of the Amended Complaint.

110.   Defendant denies the allegations contained in Paragraph 108. of the Amended Complaint.

111.   Defendant denies the allegations contained in Paragraph 109. of the Amended Complaint.

112.   Defendant denies the allegations contained in Paragraph 110. of the Amended Complaint.

113.   Defendant admits and denies the allegations contained in Paragraph 111. of the Amended Complaint insofar as it references the previous paragraphs of the Amended Complaint, and by reference make them a part of this response and answer.

114.   Defendant denies the allegations contained in Paragraph 112. of the Amended Complaint as written, but would state that the cited caselaw, in its entirety, speaks for itself.

115.   Defendant denies the allegations contained in Paragraph 113. of the Amended Complaint.

116.   Defendant denies the allegations contained in Paragraph 114. of the Amended Complaint.

117.    Defendant denies the allegations contained in Paragraph 115. of the Amended Complaint.

118.    Defendant denies the allegations contained in Paragraph 116. of the Amended Complaint.

119.    Defendant denies the allegations contained in Paragraph 117. of the Amended Complaint.

120.    Defendant denies the allegations contained in Paragraph 118. of the Amended Complaint.

121.    Defendant denies the allegations contained in Paragraph 119. of the Amended Complaint.

122.    Defendant denies the allegations contained in Paragraph 120. of the Amended Complaint.

123.    Defendant denies the allegations contained in Paragraph 121. of the Amended Complaint.

124.    Defendant denies the allegations contained in Paragraph 122. of the Amended Complaint.

125.    Defendant denies the allegations contained in Paragraph 123. of the Amended Complaint.

126.    Defendant denies the allegations contained in Paragraph 124. of the Amended Complaint as such representations constitute legal conclusions.

127.    Defendant denies the allegations contained in Paragraph 125. of the Amended Complaint.

128.    Defendant denies the allegations contained in Paragraph 126. of the Amended

Complaint for lack of sufficient information to justify a belief therein.

129.    Defendant denies the allegations contained in Paragraph 127. of the Amended Complaint for lack of sufficient information to justify a belief therein.

130.    Defendants deny the allegations and relief requested in the paragraph beginning "WHEREFORE, the Receiver" and all sub-paragraphs thereunder, and further assert that Plaintiffs are not entitled to the relief that they seek.

## GENERAL DENIAL

Defendant denies each and every material allegation of the Amended Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

### SEVENTH AFFIRMATIVE DEFENSE

Defendant denies each and every material allegation of the Amended Complaint by which Plaintiffs seek to impose liability upon him, and he denies that he is guilty of any action, omission, or fault, and was in no way liable to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to withdraw, amend or supplement any defenses set forth herein or to add additional affirmative defenses against Plaintiffs or to bring future third-Party Claims consistent with the facts developed during the course of discovery or at trial.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any damages, there is a lack of causal relation between Plaintiffs' damages and the actions or inactions of Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that there is no cause of action for

failure to keep a notary book, unless specifically granted by statute.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of *in pari delicto*.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of release.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of contribution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that contribution is not pled with particularity as required.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of contribution of money already received.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of payment.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that an accounting is needed of what

has been received, and how same has been applied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant give notice that he will raise the defense that all factual allegations relating to fraud were not pled, and therefore allegations of fraud are insufficient to meet the pleadings requirements of F.R.C.P. 9(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of unclean hands as to Plaintiffs Arthur Lamar Adams and Madison Timber Properties, LLC.

## TWENTH-THIRD AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that fraud is not pled with particularity as required.

## TWENTH-FOURTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that fraud is not proven by clear and convincing evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that negligence is not an intentional tort.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that as fraud is not pled with particularity, the underlying tort for civil conspiracy and aiding and abetting cannot be a claim of negligence. Accordingly, the claims of civil conspiracy and aiding and abetting must necessarily fail, and should be dismissed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that Plaintiffs have no standing to pursue the issue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that the Plaintiffs have no right of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense of the general statute of limitations.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that each instrument runs a separate statute of limitations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that punitive damages are capped under Mississippi law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that damages be limited to the statutory fee of $5.00 per signature notarized, or $7.50 for two signatures.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that punitive damages should be bifurcated.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant gives notice that at all times mentioned herein, he had a legitimate or arguable reason for his actions and he is, therefore, not liable for punitive damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant gives notice that the ubiquitous claim for punitive damages stated by the Plaintiffs constitutes a violation of the constitutional rights of Defendant as said claim is a denial of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution and, thus, the claim for punitive damages should be dismissed.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant gives notice that the ubiquitous claim for punitive damages stated by the Plaintiffs constitutes a violation of the constitutional rights of Defendant as said claim is a denial of the rights granted the Defendant pursuant to Section 14, Article 3 of the Constitution of the State of Mississippi and, thus, the claim for punitive damages should be dismissed.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant gives notice that the imposition of punitive damages as claimed by the Plaintiffs would constitute an imposition of an excessive fine in violation of the Eighth Amendment of the Constitution of the United States prohibiting excessive fines, cruel and unusual punishment, and Section 28, Article 3 of the Constitution of the State of Mississippi prohibiting excessive fines and, therefore, the claims for punitive damages should be dismissed.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant gives notice that the Plaintiffs have failed to state a claim for which punitive damages may be awarded.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant gives notice that the claim for punitive damages stated by the Plaintiffs would violate the provisions of Article I, Section 10, Clause 1 of the Constitution of the United States prohibiting any law which impairs the obligations of contract and Section 16, Article 3 of the

Constitution of the State of Mississippi prohibiting laws which impair the obligations of contracts and, therefore, such claims for punitive damages should be dismissed.

## FORTIETH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case would contravene the due process clauses of the United States Constitution and the Constitution of the State of Mississippi and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

1.    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

2.    The procedures pursuant to which punitive damages area awarded fail to provide a reasonable limit on the amount of an award against this Defendant.

3.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

4.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

5.    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarded separate judgments against alleged joint tortfeasors.

6.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

7.    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

8.    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined.

9.    An award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Affirmatively and alternatively, an award of punitive damages to Plaintiffs would violate the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on

the following grounds:

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)      The procedure pursuant to which punitive damages are awarded fails to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)      The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; and

(f)      The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Affirmatively and alternatively, any award of punitive damages to Plaintiffs would violate the due process clause of the Constitution of the State of Mississippi on the following grounds:

(a)      It is a violation of due process to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Plaintiffs' claim for punitive damages cannot be sustained because, under the allegations set forth, an award of punitive damages as sought by Plaintiffs under Mississippi law could be subject to no reasonable limit, and could escape restriction such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, and therefore would violate the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Mississippi Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury:

(a)     is not provided a sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damages award;

(b)     is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(c)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant;

(d)     is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible;

(e)     is not subject to judicial review on the basis of objective standards; and

(f)      would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy, as no sufficient standard for application to Plaintiff exists.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under state law without the same minimum protections that are accorded to criminal defendants would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Mississippi constitutional provisions providing for due process and other rights.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, the Mississippi punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  In BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court held that grossly-excessive punitive damages violate the Fourteenth Amendment to the United States Constitution.  As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant gives notice that the award of punitive damages is governed by § 11-1-65, Miss. Code 1972, as amended, and that the matters set forth in the Amended Complaint exhibited

herein do not fall within those provisions and, therefore, punitive damages are not recoverable.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant gives notice that any claim for punitive damages must be proven by clear and convincing evidence.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise the defense that notaries act in a quasi-governmental capacity under the direction of the Secretary of State and, as such, are immune.

## FIFTIETH AFFIRMATIVE DEFENSE

Defendant gives notice that the ubiquitous claim of the Plaintiffs for punitive damages do not contain a reasonable relationship to the harm likely resulting from the alleged conduct of Defendant and, thus, punitive damages are not recoverable.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant gives notice that he will raise any and all defenses pled by any co-defendant in this matter.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Amended Complaint filed against him be dismissed with prejudice and the Defendant be awarded attorney fees and all costs expended in this cause, and for such other relief as to which Defendant may be entitled in the premises.

Respectfully submitted this 26th day of August, 2019.

RUSHING & GUICE, P.L.L.C.
Attorneys for Defendants

BY:     */s/ R. SCOTT WELLS*
R. SCOTT WELLS MSBN 9456
P.O. BOX 1925
BILOXI, MS  39533-1925

Phone: (228) 374-2313
Fax: (228) 875-5987
swells@rushingguice.com

W:\9501\working\p\Answer to Complaint - Chandler Westover.docx

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of August, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

SO CERTIFIED this 26th day of August, 2019.

*/s/ R. SCOTT WELLS*
**R. SCOTT WELLS**