# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| **ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,** | Case No. 3:19-cv-364-CWR-FKB |
| | Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* |
| **Plaintiff** | |
| **v.** | |
| | Hon. Carlton W. Reeves, District Judge |
| **THE UPS STORE, INC.; HERRING VENTURES, LLC d/b/a THE UPS STORE;  AUSTIN ELSEN; TAMMIE ELSEN;  COURTNEY HERRING; DIANE LOFTON;  CHANDLER WESTOVER; RAWLINGS & MACINNIS, PA; TAMMY VINSON; and  JEANNIE CHISHOLM,** | |
| **Defendants.** | |

## RAWLINGS & MACINNIS, P.A., TAMMY VINSON, AND JEANNIE CHISHOLM'S ANSWER AND DEFENSES TO THE AMENDED COMPLAINT

Defendants Rawlings & MacInnis, P.A. ("R&M"), Tammy Vinson ("Vinson"), and Jeannie Chisholm ("Chisholm") (sometimes collectively referred to as the "R&M Parties") file this their Answer and Defenses to the Amended Complaint [Doc. #14] filed by Plaintiff Alysson Mills, in her capacity as the Court-appointed Receiver for the Estates of Lamar Adams and Madison Timber Properties, LLC, (the "Receiver"), and, in support of the same, state as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against the R&M Parties upon which relief may be granted and the same should be dismissed pursuant to F.R.C.P. 12(b)(6).

### SECOND DEFENSE

The Amended Complaint fails to join necessary parties under F.R.C.P. 19 and the same should be dismissed pursuant to F.R.C.P. 12(b)(7).

**THIRD DEFENSE**

The Receiver's claims are barred in whole or in part by her failure to specifically plead the alleged fraud pursuant to F.R.C.P. 9(b).

**FOURTH DEFENSE**

The Receiver's claims are barred in whole or in part by lack of standing.

**FIFTH DEFENSE**

The Receiver's claims are barred in whole or in part by estoppel, waiver and/or unjust enrichment.

**SIXTH DEFENSE**

The Receiver's claims are barred in whole or in part by contributory negligence.

**SEVENTH DEFENSE**

The Receiver's claims are barred in whole or in part by the applicable statutes of limitations.

**EIGHTH DEFENSE**

The Receiver's claims are barred in whole or in part by unclean hands, illegality and/or fraudulent conduct.

**NINTH DEFENSE**

The Receiver's alleged damages, if any, were caused by the actions/inactions of others for whom the R&M Parties are not responsible.

**TENTH DEFENSE**

The Receiver, on behalf of the Estates of Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber") has not incurred, suffered or experienced any damages as a result of any action or inaction by the R&M Parties or, in the alternative, Adams and/or Madison Timber and/or the Receiver on their behalf have failed to mitigate any damages allegedly incurred, suffered or

experienced by them.

## ELEVENTH DEFENSE

The Receiver has failed to show and cannot show, by the required burden of proof, each element necessary to prove her claims of aiding and abetting, civil conspiracy, recklessness, gross negligence, or at a minimum negligence, negligent retention and supervision, and/or fraud.

## TWELFTH DEFENSE

None of the R&M Parties have acted with willful, malicious, intentional or wanton disregard for the rights of others.

## THIRTEENTH DEFENSE

Although denying that the Receiver is entitled to punitive damages, or any other damages or relief whatsoever as against the R&M Parties, the R&M Parties would affirmatively plead that any assessment of punitive damages against them would be a violation of the provisions of the Constitution of the United States of America, including the Fifth, Eighth and Fourteenth Amendments thereof, and would also violate provisions of the Mississippi Constitution, including Article III, Sections 14 and 28 thereof.

## FOURTEENTH DEFENSE

To the extent applicable, the R&M Parties raise and assert the provisions of Miss. Code Ann. § 11-1-60, § 11-1-65, and §85-5-7.

## FIFTEENTH DEFENSE

The Receiver's claims are barred in whole or in part by assumption of the risk.

## SIXTEENTH DEFENSE

To the extent the Receiver is attempting to assert any claims or obtain any recovery on behalf of any person who loaned money or invested money with Adams or Madison Timber, the Receiver's

claims are barred by failure of reliance and/or failure of reasonable reliance or a right to rely.

### SEVENTEENTH DEFENSE

The Receiver's claims are barred by the doctrine of *in pari delicto*.

### EIGHTEENTH DEFENSE

To the extent any evidence relating to the claims and defenses herein obtained by the Receiver, or those working with the Receiver, has been lost, destroyed, or not preserved, then the Receiver's claims are barred by spoliation of evidence.

### NINETEENTH DEFENSE

Mississippi law does not recognize a private right of action for an alleged violation of the Mississippi Notary Law of the rules pertaining to notaries at 1 Miss. Admin. Code Pt. 5, R 1.1 *et seq.*

### TWENTIETH DEFENSE

To the extent applicable, the R&M Parties assert as a defense the Federal Rules of Evidence, including F.R.E. 1002.

### TWENTY-FIRST DEFENSE

The R&M Parties adopt and reassert as a defense all mattes included in their Motion to Dismiss the Amended Complaint [Doc. #26] and Memorandum in Support [Doc. #27] and any admissions made by the Receiver in response thereto.

### TWENTY-SECOND DEFENSE

To the extent applicable, the R&M Parties adopt and assert all defenses raised by any other Defendant in this case, to the extent that such defenses do not contradict or are not inconsistent with the defenses raised by the R&M Parties and to the extent that such defenses are not inconsistent with the R&M Parties' denial of liability to the Receiver.

4

**TWENTY-THIRD DEFENSE**

The R&M Parties reserve their right to raise additional defenses which become known to them through discovery or otherwise.  In addition, the R&M Parties reserve their right to assert any and all claims against the Receiver which become known to them through discovery or otherwise or which they may be entitled to bring after the disposition of the Receiver's claims.

**TWENTY-FOURTH DEFENSE - Answer**

The R&M Parties deny each and every allegation contained in the Amended Complaint, except that which is specifically admitted below.  Further, responding paragraph by paragraph, the R&M Parties state the following:

The R&M Parties deny the allegations contained in the first unnumbered section of the Amended Complaint labeled as "INTRODUCTION" and beginning with "For more than ten years . . .", except to admit that, upon information and belief, Adams operated a Ponzi scheme through Madison Timber and that, upon information and belief, Adams forged or otherwise manipulated some or all of the purported fraudulent timber deeds.  The R&M Parties further deny that the Receiver is entitled to any relief or recovery from or against the R&M Parties, whatsoever.

**Jurisdiction and Venue**

1.      The R&M Parties admit the allegations in Paragraph 1 of the Amended Complaint.

2.      The R&M Parties deny the allegations in Paragraph 2 of the Amended Complaint to the extent that it alleges that the Receiver has asserted valid causes of action against the R&M Parties.  The R&M Parties would also state that the case styled *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252-CWR-FKB (the "SEC Case") does not include any claims against the R&M Parties and the pleadings in the SEC Case speak for themselves.

3.      Paragraph 3 of the Amended Complaint states legal conclusions to which the R&M

Parties are not required to respond. To the extent the allegations/conclusions stated in Paragraph 3 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

4.      Paragraph 4 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond. To the extent the allegations/conclusions stated in Paragraph 4 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied, except to state that the filings in the SEC Case speak for themselves.

**Parties**

5.      Paragraph 5 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond. To the extent the allegations/conclusions stated in Paragraph 5 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied, except to state that the Court's Order appointing the Receiver in the SEC Case speaks for itself.

6.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Amended Complaint, and therefore deny the same.

7.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Amended Complaint, and therefore deny the same.

8.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Amended Complaint, and therefore deny the same.

9.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Amended Complaint, and therefore deny the same.

10.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Amended Complaint, and therefore deny the same.

11.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Amended Complaint, and therefore deny the same.

12.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Amended Complaint, and therefore deny the same.

13.      The R&M Parties admit the allegations in Paragraph 13 of the Amended Complaint.

14.      The R&M Parties deny the allegations in Paragraph 14 of the Amended Complaint, except to admit that Vinson is an adult resident of Madison, Mississippi, and that she is currently an employee of R&M.

15.      The R&M Parties deny the allegations in Paragraph 15 of the Amended Complaint, except to admit that Chisholm is an adult resident of Florence, Mississippi, and that she was an employee of R&M.

## MADISON TIMBER

16.      Upon information and belief, the R&M Parties admit the allegations in Paragraph 16 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

17.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 17 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

18.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 18 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

19.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

20.      The R&M Parties are without sufficient knowledge to admit or deny the allegations in

Paragraph 20 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

21.     The R&M Parties deny the allegations in Paragraph 21 of the Amended Complaint.

22.     The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

23.     The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Amended Complaint, but to the extent that the allegations attempt to impose liability on the R&M Parties, the same are denied.

24.     The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Amended Complaint, but admit that the filings in the case styled *United States v. Adams*, No. 3:18-cr-00088 speak for themselves.  To the extent that the allegations in Paragraph 24 of the Amended Complaint attempt to impose liability on the R&M Parties, the same are denied.

25.     The R&M Parties are without sufficient knowledge to admit or deny the allegations in Paragraph 25 of the Amended Complaint, but admit that the filings in the SEC Case speak for themselves.  To the extent that the allegations in Paragraph 25 of the Amended Complaint attempt to impose liability on the R&M Parties, the same are denied.

26.     Paragraph 26 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 26 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

27.     The R&M Parties deny the allegations in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 28

of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

**Notaries**

29.     The R&M Parties deny the allegations in Paragraph 29 of the Amended Complaint.

30.     The R&M Parties deny the allegations in Paragraph 30 of the Amended Complaint.

31.     The R&M Parties deny the allegations in Paragraph 31 of the Amended Complaint, except to admit that, upon information and belief, Adams forged or otherwise manipulated the fraudulent timber deeds.

32.     The R&M Parties deny the allegations in Paragraph 32 of the Amended Complaint, except to admit that, upon information and belief, Adams forged or otherwise manipulated the fraudulent timber deeds.

33.     The R&M Parties deny the allegations in Paragraph 33 of the Amended Complaint, except to admit that, upon information and belief, Adams forged or otherwise manipulated the fraudulent timber deeds.

34.     The R&M Parties deny the allegations in Paragraph 34 of the Amended Complaint.

35.     The R&M Parties deny the allegations in Paragraph 35 of the Amended Complaint.

36.     The R&M Parties deny the allegations in Paragraph 36 of the Amended Complaint.

**Defendants' duties**

37.     Paragraph 37 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 37 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

38.     Paragraph 38 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 38 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

39.     Paragraph 39 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 39 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

40.     Paragraph 40 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 40 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

41.     Paragraph 41 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 41 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

42.     Paragraph 42 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 42 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

43.     Paragraph 43 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 43 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

44.     Paragraph 44 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 44 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

45.      Paragraph 45 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 45 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

**Defendants' careless and fraudulent acts**

46.     Paragraph 46 of the Amended Complaint states legal conclusions to which the R&M

Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 46 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

47.      The R&M Parties deny the allegations in Paragraph 47 of the Amended Complaint.

48.      The R&M Parties deny the allegations in Paragraph 48 of the Amended Complaint.

49.      The R&M Parties deny the allegations in Paragraph 49 of the Amended Complaint.

50.      The R&M Parties deny the allegations in Paragraph 50 of the Amended Complaint.

51.      The R&M Parties deny the allegations in Paragraph 51 of the Amended Complaint.

52.      The R&M Parties deny the allegations in Paragraph 52 of the Amended Complaint.

**UPS**

**The UPS Store, Inc.**

53.      The allegations in Paragraph 53 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 53 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

54.      The allegations in Paragraph 54 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 54 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

55.      The allegations in Paragraph 55 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 55 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

56.      The allegations in Paragraph 56 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 56 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

57.      The allegations in Paragraph 57 of the Amended Complaint do not relate to the R&M

Parties.  To the extent the allegations contained in Paragraph 57 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

### The UPS Store Madison

58.     The allegations in Paragraph 58 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 58 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

59.     The allegations in Paragraph 59 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 59 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

### UPS employees

60.     The allegations in Paragraph 60 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 60 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

61.     The allegations in Paragraph 61 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 61 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

62.     The allegations in Paragraph 62 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 62 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

63.     The allegations in Paragraph 63 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 63 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

64.     The allegations in Paragraph 64 of the Amended Complaint do not relate to the R&M

Parties.  To the extent the allegations contained in Paragraph 64 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

65.     The allegations in Paragraph 65 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 65 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

66.     The allegations in Paragraph 66 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 66 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

### RAWLINGS & MACINNIS

67.     The R&M Parties deny the allegations in Paragraph 67 of the Amended Complaint, except to admit that R&M is a law firm in Madison, Mississippi, and Adams was a client of R&M for a period of time.  Notwithstanding this admission, the R&M Parties deny all liability in connection with the claims against them.

68.     The R&M Parties admit the allegations in Paragraph 68 of the Amended Complaint.  Notwithstanding this admission, the R&M Parties deny all liability in connection with the claims against them.

### Rawlings & MacInnis's notary services

69.     The R&M Parties deny the allegations in Paragraph 69 of the Amended Complaint, except to admit that the R&M employees sometimes provides notary services to Adams in their capacities as notaries as an accommodation to Adams in addition to the real property closings and transaction services performed for Adams or his entities by R&M from time to time.  Notwithstanding this admission, the R&M Parties deny all liability in connection with the claims against them.

70.     The R&M Parties deny the allegations in Paragraph 70 of the Amended Complaint.

71.   The R&M Parties deny the allegations in Paragraph 71 of the Amended Complaint.

72.   The R&M Parties deny the allegations in Paragraph 72 of the Amended Complaint.

73.   The R&M Parties deny the allegations in Paragraph 73 of the Amended Complaint.

74.   The R&M Parties deny the allegations in Paragraph 74 of the Amended Complaint.

75.   The R&M Parties deny the allegations in Paragraph 75 of the Amended Complaint, except to admit that the R&M Parties sometimes did legal work for Adams or companies in which Adams was a member/shareholder.

**CAUSE OF ACTION**
**COUNT I**
**FOR CIVIL CONSPIRACY**
**AGAINST ALL DEFENDANTS**

76.   The R&M Parties adopt and incorporate herein by reference their defenses and answers set forth above.

77.   Paragraph 77 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 77 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

78.   The R&M Parties deny the allegations in Paragraph 78 of the Amended Complaint.

79.   The R&M Parties deny the allegations in Paragraph 79 of the Amended Complaint.

80.   The R&M Parties deny the allegations in Paragraph 80 of the Amended Complaint.

81.   The R&M Parties deny the allegations in Paragraph 81 of the Amended Complaint.

82.   The R&M Parties deny the allegations in Paragraph 82 of the Amended Complaint.

83.   The R&M Parties deny the allegations in Paragraph 83 of the Amended Complaint.

84.   The R&M Parties deny the allegations in Paragraph 84 of the Amended Complaint.

85.   The R&M Parties deny the allegations in Paragraph 85 of the Amended Complaint.

86.   The R&M Parties deny the allegations in Paragraph 86 of the Amended Complaint.

87.     The R&M Parties deny the allegations in Paragraph 87 of the Amended Complaint.

## COUNT II
## FOR AIDING AND ABETTING
## AGAINST ALL DEFENDANTS

88.     The R&M Parties adopt and incorporate herein by reference their defenses and answers set forth above.

89.     Paragraph 89 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 89 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

90.     The R&M Parties deny the allegations in Paragraph 90 of the Amended Complaint.

91.     The R&M Parties deny the allegations in Paragraph 91 of the Amended Complaint.

92.     The R&M Parties deny the allegations in Paragraph 92 of the Amended Complaint.

93.     The R&M Parties deny the allegations in Paragraph 93 of the Amended Complaint.

94.     The R&M Parties deny the allegations in Paragraph 94 of the Amended Complaint.

95.     The R&M Parties deny the allegations in Paragraph 95 of the Amended Complaint.

96.     The R&M Parties deny the allegations in Paragraph 96 of the Amended Complaint.

97.     The R&M Parties deny the allegations in Paragraph 97 of the Amended Complaint.

## COUNT III
## FOR RECKLESSNESS, GROSS NEGLIGENCE, AND AT A
## MINIMUM NEGLIGENCE AGAINST ALL DEFENDANTS

98.     The R&M Parties adopt and incorporate herein by reference their defenses and answers set forth above.

99.     Paragraph 99 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 99 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

100.     Paragraph 100 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 100 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

101.      The R&M Parties deny the allegations in Paragraph 101 of the Amended Complaint.

102.     Paragraph 102 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 102 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

103.     The R&M Parties deny the allegations in Paragraph 103 of the Amended Complaint.

104.     The R&M Parties deny the allegations in Paragraph 104 of the Amended Complaint.

105.     The R&M Parties deny the allegations in Paragraph 105 of the Amended Complaint.

106.     The R&M Parties deny the allegations in Paragraph 106 of the Amended Complaint.

107.     The R&M Parties deny the allegations in Paragraph 107 of the Amended Complaint.

108.     The R&M Parties deny the allegations in Paragraph 108 of the Amended Complaint.

109.     The R&M Parties deny the allegations in Paragraph 109 of the Amended Complaint.

110.     The R&M Parties deny the allegations in Paragraph 110 of the Amended Complaint.

**COUNT IV**
**FOR NEGLIGENT RETENTION AND SUPERVISION**
**AGAINST THE UPS STORE MADISON AND RAWLINGS & MACINNIS**

111.     The R&M Parties adopt and incorporate herein by reference their defenses and answers set forth above.

112.     Paragraph 112 of the Amended Complaint states legal conclusions to which the R&M Parties are not required to respond.  To the extent the allegations/conclusions stated in Paragraph 112 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

113.     The R&M Parties deny the allegations in Paragraph 113 of the Amended Complaint.

16

114.    The R&M Parties deny the allegations in Paragraph 114 of the Amended Complaint.

115.    The R&M Parties deny the allegations in Paragraph 115 of the Amended Complaint.

116.    The R&M Parties deny the allegations in Paragraph 116 of the Amended Complaint.

117.    The R&M Parties deny the allegations in Paragraph 117 of the Amended Complaint.

118.    The R&M Parties deny the allegations in Paragraph 118 of the Amended Complaint.

119.    The R&M Parties deny the allegations in Paragraph 119 of the Amended Complaint.

120.    The R&M Parties deny the allegations in Paragraph 120 of the Amended Complaint.

121.    The R&M Parties deny the allegations in Paragraph 121 of the Amended Complaint.

## THE UPS STORE, INC.'S LIABILITY

122.    The allegations in Paragraph 122 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 122 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

123.    The allegations in Paragraph 123 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 123 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

## THE UPS STORE MADISON'S VICARIOUS LIABILITY

124.    The allegations in Paragraph 124 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 124 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

125.    The allegations in Paragraph 125 of the Amended Complaint do not relate to the R&M Parties.  To the extent the allegations contained in Paragraph 125 of the Amended Complaint attempt to impose any liability upon the R&M Parties, the same are denied.

## RAWLINGS AND MACINNIS'S VICARIOUS LIABILITY

126.    The R&M Parties deny the allegations in Paragraph 116 of the Amended Complaint, except to admit that R&M employed Vinson and Chisholm to provide legal assistant services for R&M and that the R&M employees sometimes provided notary services to Adams in their capacities as notaries as an accommodation to Adams in addition to the real property closings and transaction services performed for Adams or his entities by R&M from time to time.  Notwithstanding this admission, the R&M Parties deny all liability in connection with the claims against them.

127.    The R&M Parties deny the allegations in Paragraph 127 of the Amended Complaint.

128.    The R&M Parties deny the allegations contained in the last unnumbered section of the Amended Complaint beginning with "WHEREFORE" including subparagraphs 1 through 3 therein, and further deny that the Receiver is entitled to any relief or recovery from or against the R&M Parties, whatsoever.

AND NOW, having asserted their defenses and having answered the allegations of the Receiver's Amended Complaint, the R&M Parties request that the Amended Complaint be dismissed with prejudice at the Receiver's cost.

Respectfully submitted,

**RAWLINGS & MACINNIS, P.A., TAMMY VINSON AND JEANNIE CHISHOLM**

By: _/s/ G. Todd Burwell_____

OF COUNSEL:
G. Todd Burwell (MSB #8832)
tburwell@gtbpa.com
Emily K. Lindsay (MSB #104963)
elindsay@gtbpa.com
G. TODD BURWELL, P.A.
618 Crescent Blvd., Suite 200
Ridgeland, MS  39157
Tel:    601-427-4470
Fax:    601-427-0189

18

## CERTIFICATE OF SERVICE

I, G. Todd Burwell, one of the attorneys for Defendants Rawlings & MacInnis, P.A., Tammy Vinson and Jeannie Chisholm, do hereby certify that on this the 11th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that I have this day forwarded via the ECF system, a true and correct copy of the foregoing to all counsel of record who have registered with that system in this case.

 /s/ G. Todd Burwell