UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | Case No. 3:19-cv-364-CWR-FKB |
| | Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* |
| Plaintiff, | |
| v. | Hon. Carlton W. Reeves, District Judge |
| THE UPS STORE, INC.; HERRING VENTURES, LLC d/b/a/ THE UPS STORE; AUSTIN ELSEN; TAMMIE ELSEN; COURTNEY HERRING; DIANE LOFTON; CHANDLER WESTOVER; RAWLINGS & MACINNIS, PA; TAMMY VINSON; and JEANNIE CHISHOLM, | |
| Defendants. | |

**THE UPS STORE, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

Defendant The UPS Store, Inc. (the "TUPSS, Inc.") hereby submits its Answer and Affirmative Defenses to each of the numbered allegations in Plaintiff's Amended Complaint (the "Complaint"). Unless expressly admitted or qualified in this Answer, TUPSS, Inc. denies each and every allegation of the Complaint.

The unnumbered paragraphs in the section in the Complaint titled "Introduction" do not purport to be allegations of fact that require a response. If a response is required, TUPSS, Inc. denies each and every allegation in those paragraphs against TUPSS, Inc. except TUPSS, Inc. admits, based on information and belief, that Lamar Adams is a thief who operated a Ponzi scheme.

1.      Paragraph 1 recites legal conclusions that require no response.

2.      TUPSS, Inc. admits that this action arises out of *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-585-CWR-FKB. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2. To the extent that Paragraph 2 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.

3.      To the extent that Paragraph 3 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 3 recites legal conclusions, no response is required. TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4.      To the extent that Paragraph 4 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 4

1

recites legal conclusions, no response is required.  TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5.      To the extent that Paragraph 5 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 5 recites legal conclusions, no response is required.  TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6.      TUPSS, Inc. admits that it is a Delaware corporation doing business in Mississippi.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 6.

7.      TUPSS, Inc. admits that Defendant Herring Ventures, LLC ("Herring Ventures"), does business in Mississippi as a The UPS Store® franchisee pursuant to a written franchise agreement with TUPSS, Inc.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

8.      TUPSS, Inc. denies that Defendant Austin Elsen was an employee of TUPSS, Inc. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.      TUPSS, Inc. denies that Defendant Tammie Elsen was an employee of TUPSS, Inc.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.      TUPSS, Inc. denies that Defendant Courtney Herring was an employee of TUPSS, Inc.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11.    TUPSS, Inc. denies that Defendant Diane Lofton was an employee of TUPSS, Inc.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.    TUPSS, Inc. denies that Defendant Chandler Westover was an employee of TUPSS, Inc.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    TUPSS, Inc. admits, based on information and belief, that Lamar Adam operated a Ponzi scheme for many years for which he pleaded guilty and was sentenced to federal prison. Except as so admitted, TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

sf-4096147
PD.27209416.1

20.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations that, each month, Madison Timber required more and more new investors to repay existing investors, and that, like any Ponzi scheme, Madison Timber had to continuously grow.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 21.

22.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     TUPSS, Inc. admits, based on information and belief, that Lamar Adams pleaded guilty to one or more federal crimes and was sentenced to a term in federal prison.  To the extent that Paragraph 24 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25.     TUPSS, Inc. admits, based on information and belief, that the Securities and Exchange Commission has filed an action against Adams arising out of his Ponzi scheme.  To the extent that Paragraph 25 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26.     Paragraph 26 recites a legal conclusion that requires no response.

27.     Paragraph 27 recites legal conclusions that require no response.  Paragraph 27 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the

Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28.     Paragraph 28 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.      Paragraph 29 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.     Paragraph 30 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31.     Paragraph 31 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32.     Paragraph 32 recites a legal conclusion that requires no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

33.     Paragraph 33 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35.     Paragraph 35 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     TUPSS, Inc. denies each and every allegation in Paragraph 36.

37.     Paragraph 37 recites legal conclusions that require no response.

38.     To the extent that Paragraph 38 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 38 recites legal conclusions, no response is required.

39.     To the extent that Paragraph 39 recites legal conclusions, no response is required. Paragraph 39 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to

6

TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.

40.     To the extent that Paragraph 40 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 40 recites legal conclusions, no response is required. TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.

41.     To the extent that Paragraph 41 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 41 recites legal conclusions, no response is required. TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     To the extent that Paragraph 42 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 42 recites legal conclusions, no response is required. TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42.

43.     To the extent that Paragraph 43 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents. To the extent that Paragraph 43 recites legal conclusions, no response is required. TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44.     To the extent that Paragraph 44 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 44 recites legal conclusions, no response is required.  TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44.

45.     To the extent that Paragraph 45 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 45 recites legal conclusions, no response is required.  TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45.

46.     To the extent that Paragraph 46 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 46 recites legal conclusions, no response is required.

47.     Paragraph 47 recites legal conclusions that require no response.  Paragraph 47 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47.

48.     Paragraph 48 recites legal conclusions that require no response.  Paragraph 48 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or

sf-4096147
PD.27209416.1

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49.     Paragraph 49 recites legal conclusions that require no response.  Paragraph 49 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50.     Paragraph 50 recites legal conclusions that require no response.  Paragraph 50 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50.

51.     To the extent that Paragraph 51 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  To the extent that Paragraph 51 recites legal conclusions, no response is required.  Paragraph 51 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern. If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.

52.     Paragraph 52 recites legal conclusions that require no response.  Paragraph 52 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the

9

Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52.

53.      TUPSS, Inc. admits that it is the world's largest franchisor of retail shipping, postal, printing, and business service centers, with more than 4,600 locations in the U.S., Puerto Rico, and Canada.  TUPSS, Inc. admits that it has been the "#1 Postal & Business Services Franchise for 29 Consecutive Years."   TUPSS, Inc. otherwise denies each and every allegation in Paragraph 53.

54.      TUPSS, Inc. admits that it has a website, which is changed from time to time. TUPSS refers to its website for a full statement of its contents at any particular time.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 54.

55.      TUPSS, Inc. denies each and every allegation in Paragraph 55.

56.      TUPSS, Inc. admits that it offers its franchisees certain types of support.  TUPSS, Inc. admits that it has a website, which is changed from time to time.  TUPSS refers to its website for a full statement of its contents at any particular time.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 56.

57.      TUPSS, Inc. admits that it has a website, which is changed from time to time. TUPSS refers to its website for a full statement of its contents at any particular time.

58.      TUPSS, Inc. admits that Herring Ventures is a The UPS Store® franchisee.

59.      TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     TUPSS, Inc. admits, based on information and belief, that Herring Ventures employed one or more notaries public.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 60, including any allegation that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS.

61.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Adams was a customer of Herring Ventures.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 61, including any allegation that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS.

62.     TUPSS, Inc. denies that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.

63.     Paragraph 63 recites a legal conclusion that requires no response TUPSS, Inc. denies that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.     Paragraph 64 recites a legal conclusion that requires no response TUPSS, Inc. denies that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64.

65.     Paragraph 65 recites a legal conclusion that requires no response TUPSS, Inc. denies that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

11

66.     Paragraph 66 recites a legal conclusion that requires no response TUPSS, Inc. denies that any employee of Herring Ventures was an employee of TUPSS, Inc. or UPS. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68.

69.     Paragraph 69 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.     Paragraph 71 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71.

72.     Paragraph 72 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73.     Paragraph 73 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73.

74.     Paragraph 74 recites legal conclusions that require no response. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74.

75.     TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

## COUNT I

### For Civil Conspiracy
### Against All Defendants

76.     TUPSS, Inc. is not required to respond to Paragraph 76 because it does not constitute an allegation.  TUPSS, Inc. re-asserts its responses to the foregoing allegations as if fully stated herein.

77.     Paragraph 77 recites legal conclusions, that require no response.

78.     Paragraph 78 recites legal conclusions that require no response.  Paragraph 78 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78.

79.     Paragraph 79 recites legal conclusions that require no response.  Paragraph 79 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79.

13

80.     Paragraph 80 recites legal conclusions that require no response.  Paragraph 80 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

81.     Paragraph 81 recites legal conclusions that require no response.  Paragraph 81 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81.

82.     Paragraph 82 recites legal conclusions that require no response.  Paragraph 82 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.

83.     Paragraph 83 recites legal conclusions that require no response.  Paragraph 83 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or

14

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83.

84.     Paragraph 84 recites legal conclusions that require no response.  Paragraph 84 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84.

85.     Paragraph 85 recites legal conclusions that require no response.  Paragraph 85 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85.

86.      Paragraph 86 recites legal conclusions that require no response.  Paragraph 86 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87.     Paragraph 87 recites legal conclusions that require no response.  Paragraph 87 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS,

Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87.

## COUNT II

### For Aiding and Abetting
### Against All Defendants

88.     TUPSS, Inc. is not required to respond to Paragraph 88 because it does not constitute an allegation.  TUPSS, Inc. re-asserts its responses to the foregoing allegations as if fully stated herein.

89.     Paragraph 89 recites legal conclusions that require no response.

90.     Paragraph 90 recites legal conclusions that require no response.  Paragraph 90 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90.

91.     Paragraph 91 recites legal conclusions that require no response.  Paragraph 91 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91.

92.     Paragraph 92 recites legal conclusions that require no response.  Paragraph 92 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the

Complaint the allegations concern. If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92.

93. Paragraph 93 recites legal conclusions that require no response. Paragraph 93 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern. If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94. Paragraph 94 recites legal conclusions that require no response. Paragraph 94 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern. If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94.

95. Paragraph 95 recites legal conclusions that require no response. Paragraph 95 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern. If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph. TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95.

sf-4096147
PD.27209416.1

96.     Paragraph 96 recites legal conclusions that require no response.  Paragraph 96 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96.

97.     Paragraph 97 recites legal conclusions that require no response.  Paragraph 97 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97.

## COUNT III

### For Recklessness, Gross Negligence, and at a Minimum Negligence
### Against All Defendants

98.     TUPSS, Inc. is not required to respond to Paragraph 98 because it does not constitute an allegation.  TUPSS, Inc. re-asserts its responses to the foregoing allegations as if fully stated herein.

99.     Paragraph 99 recites legal conclusions that require no response.

100.    Paragraph 100 recites legal conclusions that require no response.

101.    Paragraph 101 recites legal conclusions that require no response.  Paragraph 101 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or

18

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101.

102.   Paragraph 102 recites legal conclusions that require no response.

103.   Paragraph 103 recites legal conclusions that require no response.  Paragraph 103 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103.

104.   Paragraph 104 recites legal conclusions that require no response.  Paragraph 104 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104.

105.   To the extent that Paragraph 105 refers to written documents, TUPSS, Inc. refers to those documents for a complete statement of their contents.  Paragraph 101 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101.

106.   Paragraph 106 recites legal conclusions that require no response.  Paragraph 106 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the

19

Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106.

107.    Paragraph 107 recites legal conclusions that require no response.  Paragraph 107 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107.

108.    Paragraph 108 recites legal conclusions that require no response.  Paragraph 108 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108.

109.    Paragraph 109 recites legal conclusions that require no response.  Paragraph 109 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109.

110.     Paragraph 110 recites legal conclusions that require no response.  Paragraph 110 refers vaguely to "Defendants" without specifying which of the ten named Defendants in the Complaint the allegations concern.  If the paragraph is intended to refer to TUPSS, Inc., TUPSS, Inc. denies each and every allegation in the paragraph.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110.

## COUNT IV

### For Negligent Retention and Supervision
### Against Herring Ventures and Rawlings & MacInnis

111.     TUPSS, Inc. is not required to respond to Paragraph 111 because it does not constitute an allegation and Count IV is not asserted against TUPSS, Inc.  TUPSS, Inc. re-asserts its responses to the foregoing allegations as if fully stated herein.

112.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

113.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

114.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

115.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

116.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

117.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

118.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

119.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

120.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

121.     Because Count IV  is not asserted against TUPSS, Inc., no response is required.

122.     Paragraph 122 recites legal conclusions that require no response.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 122.

21

123.    Paragraph 123 recites legal conclusions that require no response.  TUPSS, Inc. otherwise denies each and every allegation in Paragraph 123.

124.    Paragraph 124 recites legal conclusions that require no response.  TUPSS, Inc. admits that certain employees of Herring Ventures were notaries public.  TUPSS, Inc. otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.    Paragraph 125 recites legal conclusions that require no response.

126.    Paragraph 126 recites legal conclusions that require no response.  TUPSS, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127.    Paragraph 127 recites legal conclusions that require no response.

TUPPS, Inc. denies the allegations contained in the last unnumbered paragraph of the Complaint beginning "WHEREFORE, the Receiver respectfully requests that . . .", including the allegations contained in sub-paragraphs (1) through (3).  TUPPS, Inc. further denies that Plaintiff is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

TUPSS, Inc. has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed preparation for trial.  The affirmative defenses asserted herein are based on TUPSS, Inc.'s knowledge, information, and belief at this time, and TUPSS, Inc. specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  TUPSS, Inc. reserves the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, TUPSS, Inc. does not allege or admit that it has the burden of proof and/or

persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion with respect to any matter as to which Defendants have the burden of proof or persuasion.

Subject to the preceding qualifications, TUPSS, Inc. alleges the following additional separate and affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

1.     Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom TUPSS, Inc. had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

2.     Plaintiff's claims are barred in whole or in part because none of the parties in this case engaged in any alleged misconduct in reasonable or justifiable reliance on any representation, act, or omission by TUPSS, Inc.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3.     Plaintiff has failed to fulfill her duty to mitigate, reduce, or otherwise avoid the stated damages, and Plaintiff is therefore barred from recovering such damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

23

4.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5.      Plaintiffs' claims are barred in whole or in part because TUPSS, Inc. acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Culpable Participation)

6.      Plaintiffs' claims are barred in whole or in part because TUPSS, Inc. was not a culpable participant in any act or acts alleged to constitute a violation of law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Negative Causation)

7.      Plaintiffs' claims are barred in whole or in part because no alleged actions by TUPSS, Inc. were the cause of any alleged injury, loss, or damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

8.      Plaintiff has not suffered any injury-in-fact that is traceable to any action or inaction by TUPSS, Inc. and therefore lacks standing to pursue any claims against TUPSS, Inc.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

sf-4096147
PD.27209416.1

9.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands since Plaintiff stands in the shoes of Adams, who has pleaded guilty to running an illegal Ponzi scheme.

## TENTH AFFIRMATIVE DEFENSE

### (*In pari delicto*)

10.      Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto* since Plaintiff stands in the shoes of Adams, who has pleaded guilty to running an illegal Ponzi scheme.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Double Recovery)

11.      Plaintiff's claims are barred in whole or in part as recovery under them would constitute double recovery in light of Plaintiff's multiple lawsuits derived from the same losses suffered as a result of the illegal Ponzi scheme to which Adams has pleaded guilty.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Join)

12.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to join necessary parties under F.R.C.P. 19.

**WHEREFORE**, TUPSS, Inc. seeks judgment:

A.      dismissing all claims against TUPSS, Inc.;

B.      awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements to the full expert permitted by law; and

C.      granting such other and further relief as this Court may deem just and proper.

Dated:        October 15, 2019

By:   /s/ Jessica Terrill Pulliam
LaToya C. Merritt, MSB #100054
Jessica Terrill Pulliam, MSB #105510
PHELPS DUNBAR, LLP
4270 I-55 North Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: anderson@phelps.com
          merrittl@phelps.com
          pulliamj@phelps.com

Mark R. McDonald (CA Bar No. 137001)
(Pro Hac Vice)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
Telephone:  213.892.5200
Facsimile:   213.892.5454
Email: MMcDonald@mofo.com

Adam J. Hunt (NY Bar No. 4896213)
(Pro Hac Vice)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  212.468.8000
Facsimile:   212.468.7900
Email: AdamHunt@mofo.com

**Attorneys for Defendant
THE UPS STORE, INC.**

*Certificate of Service*

I, __Jessica Terrill Pulliam_____, do hereby certify that I electronically filed the above

and foregoing THE UPS STORE, INC.'S ANSWER TO PLAINTIFF'S AMENDED

COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of

such filing to the following counsel of record:

| | |
|---|---|
| Alysson Leigh Mills<br>Kristen D. Amond<br>Brent B. Barriere<br>Jason W. Burge<br>Rebekka C. Veith<br>FISHMAN HAYGOOD, LLP<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, LA 70170-4600<br>(504) 586-5294<br>(504) 586-5250 (fax)<br>amills@fishmanhaygood.com<br>kamond@fishmanhaygood.com<br>bbarriere@fishmanhaygood.com<br>jburge@fishmanhaygood.com<br>rveith@fishmanhaygood.com<br><br>Lilli Evans Bass<br>Brown Bass & Jeter, PLLC<br>P.O. Box 22969<br>Jackson, MS 39225<br>(601) 487-8448<br>(601) 510-9934 (fax)<br>bass@bbjlawyers.com | ***ATTORNEYS FOR PLAINTIFF*** |
| G. Todd Burwell<br>Emily Kincses Lindsay<br>G. TODD BURWELL, PA<br>618 Crescent Blvd., Ste. 200<br>Ridgeland, MS 39157<br>(601) 427-4470<br>(601) 427-0189 (fax)<br>tburwell@gtbpa.com<br>elindsay@gtbpa.com | ***ATTORNEYS FOR RAWLINGS &<br>MACINNIS, PA, JEANNIE CHISOLM,<br>AND TAMMY VINSON*** |

sf-4096147<br>PD.27209416.1

| William Lee Guice, III<br>Randall Scott Wells<br>RUSHING & GUICE, PLLC – Biloxi<br>P.O. Box 1925<br>Biloxi, MS 39533-1925<br>1000 Government St., Suite E<br>Ocean Springs, MS 39564<br>(228) 374-2313<br>(228) 875-5987<br>bguice@rushingguice.com<br>swells@rushingguice.com | ***ATTORNEY FOR HERRING VENTURES, LLC, AUSTIN ELSEN, CHANDLER WESTOVER, COURTNEY HERRING, DIANE LOFTON, AND TAMMIE ELSEN*** |
|---|---|

THIS, the 15th day of October, 2019.

*/s/ Jessica Terrill Pulliam*
JESSICA TERRILL PULLIAM

28