IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALYSSON MILLS, in her capacity as
Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC                                          PLAINTIFF

v.                                                CIVIL ACTION NO. 3:19-cv-364-CWR-FKB

THE UPS STORE, INC.; HERRING
VENTURES, LLC d/b/a The UPS Store;
AUSTIN ELSEN; TAMMIE ELSEN;
COURTNEY HERRING; DIANE LOFTON;
CHANDLER WESTOVER; RAWLINGS &
MACINNIS, PA; TAMMY VINSON, and
JEANNIE CHISHOLM                                                        DEFENDANTS

## **PROTECTIVE ORDER**

The Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c)

to limit the disclosure, dissemination, and use of information designated by a party as

confidential. For good cause shown, the Court enters the following Protective Order to govern

discovery in this case:

1.     **Scope.** All documents and materials produced in the course of discovery of this

case, including initial disclosures, responses to discovery requests, all deposition testimony and

exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are

subject to this Order concerning Confidential Information as set forth below.

2.     **Definition of Confidential Information.**  "Confidential Information" is defined as

information that the producing party designates in good faith as entitled to protection from

disclosure and use outside the litigation because its disclosure and use are restricted by statute,

applicable law, or could potentially cause harm to the interests of disclosing party or nonparties.

1

3.      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking. Designated documents shall be treated as confidential by any party who receives them. Unless attorney work product, attorney-client privilege or another privilege recognized by law applies, all documents produced, notwithstanding their designation as "CONFIDENTIAL," shall be produced in their un-redacted form, inclusive of names and other identifying information. Whether information, documents or other materials are privileged shall be determined on a case-by-case basis pursuant to applicable law. This Order shall not prejudice any other rights any party may have to challenge or defend any asserted privilege.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order. A producing party who inadvertently fails to designate information as confidential at the time of production shall be entitled to correct its failure by providing written notice of its intent to the parties to whom production was made, who shall take reasonable steps to conform to this Order and, to the extent reasonably possible and

practicable, return or destroy any documents or other materials that were inadvertently produced in error without being designated as confidential.

5.    **Protection of Confidential Material.**

(a)    **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b)    **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may be disclosed only to the following persons:

(1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)    Attorneys for the parties and their employees and outside support services vendors involved in the prosecution or defense of this case;

(3)    The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

(4)    Court reporters, recorders, and videographers engaged for depositions;

(5)    Any mediator appointed by the Court or jointly selected by the parties;

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation provided that such person shall execute a declaration stating that he or she has read the

Order, agrees to be bound by it, and agrees to be subject to the jurisdiction of the Court for enforcement purposes;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying, provided that such person shall execute a declaration stating, or alternatively shall affirm on the record, that he or she has read the Order, agrees to be bound by it, and agrees to be subject to the jurisdiction of the Court for enforcement purposes; and

(8)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c)     **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order, including, without limitation, by instructing any of the individuals listed in Paragraph 5(b)(6) and (7) that any Confidential Information disclosed to them is confidential and subject to a protective order limiting use of the information to this lawsuit.

6.     **Filing of Confidential Information.** In the event a party seeks to file any document or information designated by another party or nonparty as Confidential Information under this Order, the filing party must provide fourteen (14) days' notice to the designating party of such intent to file. If the designating party objects to the filing of the Confidential Information in the public record, the designating party must, within ten (10) days of said notice, file a motion in accordance with L.U.Civ.R. 79(e), requesting that the Confidential Information be filed under seal

or redacted before filing. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that no documents may be filed under seal without the permission of the court after proper motion to seal. In the event the Court denies a party's motion to seal, nothing in this Order shall prevent the party from then filing the document at issue in the usual manner as part of the public record.

7.     **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

8.     In the event a party or a lawyer for a party receives a subpoena issued in another lawsuit for documents or other materials that were produced in this lawsuit and designated confidential by a party other than itself, the subpoenaed party shall not produce such documents or other materials unless required by a court. The subpoenaed party shall notify the producing party in sufficient time to allow the producing party to take lawful action to protect any confidential information from disclosure.

9.     This Order survives the termination of this lawsuit, and this Court retains jurisdiction over this action in the event the Order must be enforced.

SO ORDERED, this the 6th day of July, 2020.


      /s/  F. Keith Ball
      UNITED STATES MAGISTRATE JUDGE