IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS, in her capacity as**                                    **PLAINTIFF**
**Receiver for Arthur Lamar Adams and**
**Madison Timber Properties, LLC**

V.                                                                            CAUSE NO. 3:19-CV-364-CWR-FKB

**THE UPS STORE, INC.; HERRING**                                     **DEFENDANTS**
**VENTURES, LLC, d/b/a The UPS Store;**
**AUSTIN ELSEN; TAMMIE ELSEN;**
**COURTNEY HERRING; DIANE**
**LOFTON; CHANDLER WESTOVER;**
**RAWLINGS & MACINNIS, PA; TAMMY**
**VINSON; and JEANNIE CHISHOLM**

## ORDER

Before the Court is the UPS Store's motion to dismiss for lack of standing. Docket No. 138. The matter is fully briefed and ready for adjudication.

The Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2. Parties seeking to invoke federal-court jurisdiction must therefore demonstrate standing, which is shown by three elements: (1) an injury in fact that is concrete and particularized as well as imminent or actual; (2) a causal connection between the injury and the defendant's conduct; and (3) that a favorable decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In a standing analysis, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975).

The UPS Store's standing arguments are unpersuasive in light of the Fifth Circuit's decision in *Zacarias v. Stanford International Bank*, 945 F.3d 883 (5th Cir. 2019). There, the appellate court upheld a federal equity receiver's standing to sue professionals who facilitated

Allen Stanford's Ponzi scheme. The court found "no dispute" that the receiver had standing to bring such claims. 945 F.3d at 899. It reasoned as follows:

> They bring only the claims of the Stanford entities—not of their investors—alleging injury to the Stanford entities, including the unsustainable liabilities inflicted by the Ponzi scheme. The receiver and Investors' Committee "allege that Defendants' participation in a fraudulent marketing scheme increased the sale of Stanford's CDs, ultimately resulting in greater liability for the Receivership Estate," and that defendants "harmed the Stanford Entities' ability to repay their investors." The receiver and Investors' Committee sought to recover for the Stanford entities' Ponzi-scheme harms, monies the receiver will distribute to investor-claimants. The district court had subject matter jurisdiction over these claims.

*Id.*

We are presented with the same essential structure here. The receiver has sued notaries that, she alleges, furthered the Ponzi scheme and caused greater liabilities to the receivership estate. *See id.* at 901. She seeks to recover for injuries to the Madison Timber entities' "unsustainable liabilities inflicted by the Ponzi scheme," and distribute that money to investor-claimants. *Id.* at 899. As in *Zacarias*, there can be "no dispute" that she has standing.

The UPS Store argues that *Zacarias* "did not even address standing." The UPS Store is incorrect. *See id.* But it also overlooks that the judiciary has an independent duty to examine each case for compliance with subject matter jurisdiction prerequisites like standing. *See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 398 (1979) ("[E]ven if not raised by the parties, we cannot ignore the absence of federal jurisdiction"); *Stallworth v. Bryant*, 936 F.3d 224, 229 (5th Cir. 2019) ("The Judicial Branch may not accept for adjudication claims of constitutional violation . . . where the claimant has not suffered cognizable injury."). Unlike every other issue, lack of standing can even be raised "for the first time" on appeal. *Stallworth*, 936 F.3d at 230 (dismissing cause of action for lack of standing on appeal). It follows that the

*Zacarias* court necessarily considered and found standing when it issued a lengthy opinion about the jurisdiction of federal equity receivers.

Under this precedent, the receiver has standing to pursue her claims in this action. The motion to dismiss is denied, and the motion to stay is denied as moot.

**SO ORDERED**, this the 1st day of March, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
