IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALYSSON MILLS, in her capacity as**      **PLAINTIFF**
**Receiver for Arthur Lamar Adams and**
**Madison Timber Properties, LLC**

V.      **CAUSE NO. 3:19-CV-364-CWR-BWR**

**THE UPS STORE, INC.; HERRING**      **DEFENDANTS**
**VENTURES, LLC, d/b/a The UPS Store;**
**AUSTIN ELSEN; TAMMIE ELSEN;**
**COURTNEY HERRING; DIANE**
**LOFTON; CHANDLER WESTOVER;**
**and AMERICAN CASUALTY**
**COMPANY OF READING PA**

## ORDER

Before the Court is a motion to dismiss filed by American Casualty Company of Reading, Pennsylvania. Docket No. 372. It says the Receiver cannot seek a declaratory judgment concerning a series of 10 insurance policies it issued to several of the other defendants in this action. American Casualty also says Mississippi law forbids the Receiver from asserting tort claims against it.

Mississippi law is clear that an injured party—which in this context, means the Receiver—cannot seek a declaratory judgment from "an insurance company that has admitted coverage." *Poindexter v. S. United Fire Ins. Co.*, 838 So. 2d 964, 968 (Miss. 2003). Here, American Casualty says it admitted coverage to the tune of $100,000, which it claims is its policy limits. From this it concludes that the Receiver's case against it lacks merit.

Unfortunately, our situation is not as clear as all might hope.

American Casualty paid $100,000 in an attempt to settle this claim, yes. But there remains a dispute about whether the insurance policies provide $100,000 of coverage **in total** or $100,000 of coverage **per wrongful act**, subject to a $1 million annual cap. If there are five years' worth of

E&O policies and 10 wrongful acts each year, then those policies might in truth provide for $5 million of coverage. And if the Receiver is correct that five more umbrella policies provide additional coverage, then (according to her estimate) there is $10 million of coverage. That's quite a ways from the $100,000 payment American Casualty says exhausted the policies.

American Casualty presses that it has admitted coverage. It says its limits have been exhausted. Taking the Receiver's allegations as true, though, American Casualty has admitted 1% of its actual coverage and paid 1% of its true policy limits. That is not exhaustion in any meaningful sense of the word. It presents a bona fide dispute about the coverage actually available.

Mississippi law urges parties stuck in dec actions to move beyond "semantics" and "serve a useful purpose in clarifying and settling the legal relations in issue, . . . affording relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (cleaned up). Issuing a declaratory judgment on the true policy limits that apply to this uncertain dispute is consistent with that admonition. So that is what we will do.

One more issue remains. The Receiver's complaint says American Casualty's serial misrepresentations warrant a finding of "bad faith." If by that she means American Casualty should be liable to her for the Mississippi tort of bad faith denial of insurance benefits, well, the law does not appear to extend that far. Precedent indicates that an injured party may seek a declaratory judgment on coverage but not assert tort claims against the tortfeasor's insurer. *See Jackson v. Daley*, 739 So. 2d 1031, 1038 (Miss. 1999). Any such tort claims here must be dismissed.

The motion to dismiss is granted in part and denied in part. These parties should contact the Magistrate Judge for an appropriately-limited case management order.

**SO ORDERED**, this the 26th day of September, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE