**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ALYSSON MILLS, in her capacity as** | **PLAINTIFF** |
| **Receiver for Arthur Lamar Adams and** | |
| **Madison Timber Properties, LLC** | |
| | |
| **V.** | **CAUSE NO. 3:19-CV-364-CWR-BWR** |
| | |
| **THE UPS STORE, INC.; HERRING** | **DEFENDANTS** |
| **VENTURES, LLC, d/b/a The UPS Store;** | |
| **AUSTIN ELSEN; TAMMIE ELSEN;** | |
| **COURTNEY HERRING; DIANE** | |
| **LOFTON; CHANDLER WESTOVER;** | |
| **and AMERICAN CASUALTY** | |
| **COMPANY OF READING PA** | |

**<u>ORDER</u>**

Two motions are before the Court: (1) a motion for summary judgment filed by The UPS Store, Docket No. 384, and (2) a motion for summary judgment filed by The UPS Store, Herring Ventures, Austin Elsen, Tammie Elsen, Courtney Herring, Diane Lofton, and Chandler Westover, Docket No. 390. Both were filed prior to the close of discovery.

In the first motion, The UPS Store attaches so-called "undisputed evidence" from the notary-defendants to contend that "(1) TUPSS could not hire, fire, or supervise the Notary Public Defendants, who were employees of Herring Ventures; (2) TUPSS did not direct the day-to-day operations of Herring Ventures; and (3) TUPSS did not have any involvement in how the Notary Public Defendants provided notary services." Docket No. 385 at 18.

At the time this motion was filed, none of the proffered evidence had been tested. Because it would be inappropriate to accept the defendants' declarations as true without giving the non-movant an opportunity to test them, the evidentiary portion of this motion will be denied without

prejudice to its reurging at the end of the discovery period. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

The UPS Store also presents several Rule 12-type arguments challenging the legal sufficiency of the Receiver's allegations. But we have already heard Rule 12 motions challenging the Receivership at length, and the law does not favor their sequential urging. *See Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996). These arguments too are denied without prejudice.

In the second motion, the movants advance standing arguments derived from *Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303 (11th Cir. 2024). As the Court explained in an Order addressing identical arguments from the Baker Donelson defendants, though, "[t]his Court is not persuaded that it should apply an Eleventh Circuit decision interpreting Florida law." *Mills v. Baker Donelson*, No. 3:18-CV-866-CWR-BWR, Docket No. 136 at 1 (S.D. Miss. Oct. 1, 2024). The parties can look to that Order for more reasons why these arguments are not due to be taken up. *See id.*

As a final matter, during a preliminary review of this motion several months ago, the Court sought supplemental briefing on a possible error in The UPS Store's factual recitations about this case. Specifically, The UPS Store had twice claimed that "for more than three years the Receiver had been free to take depositions." Docket No. 408 at 2 (collecting examples).

The ensuing supplemental briefs show that The UPS Store, Herring Ventures, Austin Elsen, Tammie Elsen, Courtney Herring, Diane Lofton, and Chandler Westover now all agree that The UPS Store's claims were incorrect. Docket Nos. 415-16. Going forward, the Court encourages all involved to make sure their assertions are supported by the facts.

The motions are denied.

**SO ORDERED**, this the 2nd day of October, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE